PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* AURELIO BAUZÁ, Defendant and Appellant.

No. 2526. Argued June 4, 1925.—Decided June 5, 1925.

1. FOOD—ADULTERATED MILK—PRESUMPTION.—Having adulterated milk in a stall where milk is sold creates the presumption that it was kept there for sale.

2. ID.—ID.—ID.—The defendant's evidence to the effect that he had given the
    milk away was not sufficient to destroy the presumption that the adulterated
    milk found in the stall was kept there for sale.

District Court of Ponce, R. Díaz Cintrón, J. Judgment convicting
    the defendant of having adulterated milk for sale. *Affirmed.*
*Domingo Sepúlveda* for the appellant. *José E. Figueras, Fiscal,* for
    the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was convicted of keeping adulterated milk
for sale. At the trial it was proved that on November
25, 1924, adulterated milk was found in the stall in which
the appellant kept milk for sale. These facts were not denied
by the appellant, but he contended that he should have been
acquitted for the reason that before the sanitation inspector
went to his stall he had already made a present to a third
person of the milk which the inspector found to be adul-
terated, and therefore he did not have it for sale and should
not have been convicted.

[1, 2] In addition to the fact that the inspector testified
also that he saw some of the milk sold, the sole act of having
adulterated milk in a stall where milk is sold creates the
presumption that it was kept there for sale, as was held in
the case of *People* v. *Pérez,* 23 P.R.R. 815, subsequently cited
in other cases, and although that presumption may be de-
stroyed, we are of the opinion that the mere fact that the
appellant testified that he had given the milk away and
that this was corroborated by the person to whom he said
he had given it does not necessarily destroy that presump-
tion, for the trial court may not have believed the testi-
mony of the appellant because of his interest in the case,
nor that of the other person, who was the mother of the
appellant's employee in the stall, and because of the con-
tradiction between her testimony and that of the inspector
consisting in that while the latter said that he visited the
stall at ten o'clock in the morning, she said that he visited
it at one o'clock in the afternoon.

The cases of *People* v. *Andino,* 21 P.R.R. 211, and *People* v. *Ríos,* 28 P.R.R. 711, cited by the appellant, are not in point, because the facts in them were different from those of the case under consideration.

For this reason we can not hold that the court below committed manifest error in weighing the evidence and the judgment is affirmed.